**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JAMES R. BURNELL,** ***individually and o/b/o all others similarly situated,***

**Plaintiff,**

**v.** **Civil Action No. 2:26-cv-256**

**MAZDA MOTOR CORPORATION,**

**Defendant.**

**MEMORANDUM ORDER**

Plaintiff James R. Burnell ("Plaintiff" or "Burnell") moved the court to permit jurisdictional discovery to explore issues he claims relevant to Defendant Mazda Motor Corporation's ("Defendant" or "Mazda") challenge to personal jurisdiction. Mazda opposed the motion, primarily arguing Burnell's proposed discovery relates to merits issues and would not illuminate questions posed by its pending Motion to Dismiss. After reviewing the parties' briefing, I find that Plaintiff has made an adequate showing of the need for jurisdictional discovery. CareFirst of Maryland, Inc. v. CareFirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) (recognizing court's broad discretion to order jurisdictional discovery); Grayson v. Anderson, 816 F.3d 267, 268-69 (4th Cir. 2016) (describing appropriate evidence to resolve contested jurisdictional facts).

Contrary to Mazda's briefing, Burnell has specifically contested facts raised in the Employee Declaration supporting Mazda's Motion to Dismiss. Plf.'s Reply (ECF No. 18, at 5) (enumerating challenges to Kokubu Declaration). Mazda argues these facts don't help the court resolve its jurisdictional challenge because they don't bear on the specific jurisdictional theory Burnell alleged. Def.'s Opp'n (ECF No. 17, at 5-6). But Mazda's framing of the jurisdictional

question to preclude these inquires does not align with Supreme Court precedent. Ford Motor Corp. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 366 (2021) (rejecting an exclusively causal test of connection as inconsistent with the minimum contacts necessary to sustain personal jurisdiction).

Perhaps recognizing this infirmity, more than half of Mazda's brief opposing any discovery is devoted to narrowing the scope of any discovery the court might order. Def.'s Opp'n (ECF No. 17, at 6-13). Mazda seeks to limit both the amount and subjects of pending discovery, but with respect to the latter, its position is still premised on a too-narrow view of the minimum contact's inquiry. Its briefing does, however, raise legitimate concerns regarding the court-ordered deposition of a foreign national. But as Burnell responds, such obstacles has been addressed previously. Plf.'s Reply (ECF No. 18, at 17-18 and Exs. 3 & 4) (citing Sonneveldt v. Mazda Motor of America, Inc., No. 8:19-cv-1298-JLS-KES (C.D.Cal., July 23, 2020) (ECF Nos. 135, 108); Grizzard v. L. G. Chem., Ltd., et al., No. 2:21-cv-469 (E.D. Va. June 30, 2022) (ECF No. 32).

Considering all of the foregoing, Plaintiff's Motion for Jurisdictional Discovery is GRANTED IN PART. Plaintiff may serve ten interrogatories, ten requests for production, and fifteen requests for admission. Each interrogatory and request shall be directed to a single subject and subparts which expand the single topic limit may be objected to on the grounds they exceed the numerical limit of ten. The Plaintiff shall, as agreed, align its discovery requests to the topics outlined in its Reply. Plf.'s Reply (ECF No. 18, at 14). Plaintiff may also conduct one three-hour deposition of the Declarant supporting Mazda's Motion to Dismiss, Mazda Legal Affairs Manager, Hironori Kokubu, or a designated representative of Mazda under Rule 30(b)(6), at Mazda's election. Such deposition shall take place remotely or in person in this district, also at Mazda's election.

The discovery period shall commence September 21, 2026, and run for 60 days. Any deposition taken pursuant to this Order shall be staged to occur after written discovery responses. As requested, and agreed by Plaintiff, Mazda may, if it desires to do so, serve reciprocal discovery requests subject to the same numeric limitations and time limits.

To the extent Plaintiff's motion for jurisdictional discovery sought additional relief, it is DENIED. The district court will issue a separate Order addressing the already-filed Motion to Dismiss.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

September 15, 2026